ADRIEN A. FRANCK, Plaintiff, Appellant, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Defendant, Respondent.

Supreme Court, Appellate Term, First Department, November 13, 1924.

**Street railways — action for penalty for refusal to give transfer under Public Service Commission Law, § 49, subd. 7, and for damages for ejection of plaintiff from trolley car — instructions — reference to defendant's " barn " reversible error where its relation to case does not appear — error to refuse to charge that if plaintiff tendered fare and requested transfer that was sufficient if he was entitled to transfer.**

In an action against a street railway company to recover *first,* for the penalty provided by subdivision 7 of section 49 of the Public Service Commission Law, for refusal to give a transfer, and *second,* to recover damages for defendant's breach of contract of safe carriage, evidenced by its having ejected plaintiff from its trolley car, it was reversible error for the court in its charge to refer to the defendant's " barn," where its relation to the case does not appear from the evidence.

It was also error, as to the second cause of action, for the court to decline to charge that if plaintiff tendered his fare and requested a transfer that was sufficient if he was entitled to a transfer.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, eighth district, entered upon the verdict of a jury.

*Jules H. Baer* (*Morris Richmond,* of counsel), for the appellant.

*Alfred T. Davison* (*William A. Jackson,* of counsel), for the respondent.

Appellate Term, First Department, November, 1924. [Vol. 123

*Per Curiam.* In our opinion there should be a trial of this case in which the issues presented by the pleadings and proofs should be determined. The complaint presents two causes of action, one for the penalty provided for refusal to give a transfer under subdivision 7 of section 49 of the Public Service Commission Law (as amd. by Laws of 1921, chap. 134), the second to recover damages for defendant's breach of contract of safe carriage, evidenced by its having ejected plaintiff from its trolley car.

The respondent now urges, though we can find no reference thereto in the record of the trial below, that as the two trolley lines involved are owned by the same corporation, the case is not covered by the statute referred to. As this point was not raised or suggested below, and there is no proof and the pleadings are not clear on that subject, it cannot now be passed on by us.

The learned judge in his charge, both before and after the jury returned for further instructions, referred a number of times to the defendant's " barn." Where this " barn " was situated, and what relation it has to the case does not appear from the evidence. The exception to the charge presents reversible error.

Finally, as to the second cause of action, the court declined to charge that " if plaintiff tendered his fare and requested a transfer that is sufficient " (to give him the rights of a passenger) " if he was entitled to the transfer." This manifestly correct request was refused.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ.